# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **MARK O'HARA WRIGHT,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00533 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD CLARK, DIRECTOR,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Mark O'Hara Wright, Pro Se Petitioner; Victoria Lee Johnson, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for the Respondent.*

In this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Mark O'Hara Wright, a Virginia inmate proceeding pro se, contends that his confinement pursuant to a 2013 judgment entered by a state court is unconstitutional. Upon review of the record, I conclude that the respondent's Motion to Dismiss must be granted.

## I. BACKGROUND.

On March 25, 2012, the petitioner Wright and his brother Robert Wright ("Robert") entered Martin's Grocery in Harrisonburg, Virginia, selected deli sandwiches and two cases of beer, and walked out of the store without paying for

the items.[1]   Many of their actions inside the store were captured on surveillance camera footage.   Garrett Atkins, an asset protection employee, and a female manager followed them into the parking lot and asked to see their receipt.   Rather than stop, the Wright brothers approached a green Dodge Caravan, and Atkins followed them.

Atkins identified himself as a store employee and asked Robert again for a receipt.   When Robert claimed to have one, but made no move to produce it, Atkins took the case of Dos Equis beer that Robert was carrying.   C.W., a fifteen-year-old boy, exited the Caravan from the passenger side, "took a fighting stance," and began to "make threats toward" Atkins, saying things like, "I'm going to fuck you up.   I'll beat your ass, and I'm not afraid to go back."   Br. Supp. Mot. Dismiss Ex. 3, at 48, 50, 100, ECF No. 13-3.   Robert took the beer back from Atkins's hand.   From the driver's side of the vehicle, where Wright stood, Atkins heard, "let's go, let's just go, let's go."   *Id.* at 49.   Atkins stepped forward and saw Wright throw the stolen property he was holding into the Caravan.   The Wright brothers and C.W. then got into the car and left.   Atkins testified that the property they stole was worth $50.45.

---

[1]   The undisputed facts summarized here are taken from the transcript of the December 11, 2012, jury trial in the Circuit Court of Rockingham County.   *See* Br. Supp. Mot. Dismiss Ex. 3, ECF No. 13-3.

In June of 2012, after considering evidence of the March 25, 2012, incident and subsequent events that day, a grand jury of the Circuit Court of Rockingham County returned indictments charging Wright with robbery, contributing to the delinquency of a minor, petit larceny, malicious bodily injury by means of a caustic substance, assault on a law enforcement officer, and obstruction of justice.[2] Wright pleaded not guilty and proceeded to a jury trial in December of 2012. On the day of trial, over Wright's objection, the robbery charge was amended to robbery as a principal in the second degree.

After the conclusion of the evidence, the prosecutor proffered the following instruction for the robbery charge, which the court ultimately pronounced to the jury as Instruction 10:

> The defendant is charged with the crime of robbery. The Commonwealth must prove beyond a reasonable doubt each of the following elements of that crime:
>
> (1)  That the defendant intended to steal; and
>
> (2)  That the defendant took beer; and
>
> (3)  That the taking was from Garrett Atkins or in his presence; and
>
> (4)  That the taking was against the will of the owner or possessor; and
>
> (5)  That the taking was accomplished by intimidation of the person or the threat of serious bodily harm.

---

[2] Two other felony charges were later nolle prossed.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the above elements of the crime as charged, then you shall find the defendant guilty of robbery. . . .

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt each of the first four above elements of the crime as charged, but that the taking was accomplished without violence or intimidation of the person or the threat of serious bodily harm and that the property taken was worth $5 or more, then you shall find the defendant guilty of grand larceny from the person. . . .

If you find that the Commonwealth has failed to prove beyond a reasonable doubt any of the above crimes, then you shall find the defendant not guilty.

*Commonwealth v. Wright*, CR12-00781 – 00788, Instruction 10.

The prosecutor characterized grand larceny from the person as a "lesser included charge" of robbery, appropriate "if the jury finds that the taking was accomplished without violence or intimidation or the threat of bodily harm and that the property taken was worth $5.00 or more, then there's a lesser included charge of grand larceny from the person and I think that we are in agreement to that." Br. Supp. Mot. Dismiss. Ex. 3, at 166, ECF No. 13-3. Wright's counsel did not object to the instruction defining the offense of grand larceny from the person. Counsel *did* object to the fifth element of the robbery instruction on the ground that the evidence was insufficient to prove the necessary element of force, threat, or intimidation. The judge overruled counsel's objection, concluding that the

evidence of the number of people involved and of the threats C.W. made toward Atkins was sufficient to submit the robbery instruction to the jury.

The jurors found Wright guilty of grand larceny from the person and the other five charges before them. On February 27, 2013, the circuit court sentenced Wright to an aggregate sentence of twenty years and thirty months, with all sentences imposed to run consecutive to each other.

Wright appealed, challenging the sufficiency of the evidence to convict him of these offenses. The Court of Appeals of Virginia affirmed the convictions. *Wright v. Commonwealth*, No. 0585-13-3, 2014 WL 6428302 (Va. Ct. App. Nov. 18, 2014), *aff'd in part, rev'd in part*, 789 S.E.2d 611 (Va. 2016). As to the conviction for grand larceny from the person, Wright argued that the evidence was not sufficient "to demonstrate that he took property from the security officer's person or was aware of the security officer's presence in the parking lot." *Wright*, 2014 WL 6428302 at *1. The court of appeals concluded that the evidence proved Wright acted as a principal in the second degree in committing grand larceny from the person and affirmed the conviction. *Id.* at *2–3.

Wright also argued, for the first time on appeal, that the evidence did not "establish that the beer taken from the security officer was worth $5 or more" as an element of the grand larceny from the person offense. *Id.* at *1 n.1. The court of appeals refused to address this value argument on the merits, because Wright had

not included it as an assignment of error in his Petition for Appeal as required by Virginia Supreme Court Rule 5A:12(c). Wright contended at oral argument that the court should address the value issue under an ends of justice exception. The court of appeals rejected this argument and found that Rule 5A:12 "contains no 'good cause' or 'ends of justice' exceptions." *Id.* [3]

On August 18, 2016, the Supreme Court of Virginia reversed Wright's convictions for malicious bodily injury by means of a caustic substance, assault on a law enforcement officer, and obstruction of justice. *Wright v. Commonwealth*, 789 S.E.2d 611 (Va. 2016). The Supreme Court of Virginia found that the court of appeals had properly applied Rule 5A:12(c) and affirmed Wright's conviction for grand larceny from the person. *Id.* at 615.

In January of 2017, Wright filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Virginia, which construed his pleading as alleging the following claims for relief:

1. Trial counsel was ineffective because he did not object to Jury Instruction 10 on the ground that Wright was not charged with the grand larceny offense;

2. Appellate counsel were ineffective because they did not assign error to Wright's conviction for the grand larceny offense on the ground that the evidence was insufficient to prove that the value of the property taken was $5 or more;

---

[3] I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

3.      Appellate counsel were ineffective because they did not assign error, in his appeal to the Supreme Court of Virginia, to the Court of Appeals' application of Rule 5A:18. By applying the Rule, that court refused to consider his assignment of error there asserting that the trial court erred by convicting him of the grand larceny offense because it was not charged and is not a lesser-included offense of robbery;

4.      The trial court lacked subject-matter jurisdiction to enter a judgment on the grand larceny offense;

5.      Evidence relating to another charge tried simultaneously with the robbery charge was prejudicial, resulting in retroactive misjoinder;

6.      Trial counsel was ineffective because counsel did not object to the verdict form, which Wright alleges omitted an option for the jury to find him not guilty of both the robbery charge and the grand larceny offense; and

7.      The trial court abused its discretion by allowing the jury to find him guilty of a crime that he was not charged with.

Br. Supp. Mot. Dismiss Ex. 2, at 2–3, ECF No. 13-2.

The respondent moved to dismiss Wright's petition. The Supreme Court of Virginia decided that a determination of facts was required to adjudicate Claims (1) and (6) of the petition and directed the circuit court to determine whether trial counsel had justification to accept Jury Instruction 10 and whether the verdict form for that charge was, in fact, incomplete when provided to the jury at trial.

After conducting an evidentiary hearing, the circuit court reported its findings of fact to the Supreme Court of Virginia. As to the jury instruction question, the circuit court found that Wright's trial counsel

was unaware [at trial] that larceny from the person is not a lesser[-] included offense of robbery. He did not object to [Jury Instruction 10] because it gave the jury the ability to find culpability but not to be constrained to impose a sentence beginning at five years in the penitentiary. [Counsel] wanted the jury to have the option of perspective and a lighter sentence. There was strategy coupled with a lack of knowledge.

*Id*. at 3.

As to the second question, the circuit court found that "the verdict form was correctly prepared and at the time of its preparation, included a second page with language allowing the jury to find Wright not guilty of either charge." *Id*. The trial court surmised that the clerk "only scanned in the portions of verdict forms that had the signature of the foreperson, as the second page [of the verdict form for a separate charge] also is not scanned into the file, yet the record reflects that [that] form in fact provided for a not guilty verdict." *Id*. The circuit court concluded that "it is more likely than not that the verdict form was complete at the time of the jury's deliberations, and that the second page was somehow later lost or destroyed." *Id*. Ultimately, the Supreme Court of Virginia adopted the circuit court's findings and dismissed Wright's state habeas petition.

Wright's timely filed § 2254 petition, placed in the prison mail system on October 24, 2018, challenges his detention on the conviction of grand larceny from the person on the following paraphrased grounds:

(1)     Trial counsel provided ineffective assistance (a) by failing to object to Instruction 10 on the ground that grand larceny from

the person is not a lesser included offense of robbery and (b) by failing to request an instruction for accessory to petit larceny, Pet. 8–18, ECF No. 1;

(2)      Appellate counsel provided ineffective assistance by failing to assign error to the sufficiency of the evidence to prove that the case of beer taken from the security officer was worth $5.00 or more, an element of grand larceny from the person, *id.* at 19–22;

(3)      Appellate counsel provided ineffective assistance by failing to allege, in Wright's appeal petition to the Supreme Court of Virginia, that the Court of Appeals of Virginia erred (a) by applying Rule 5A:18 and (b) by failing to apply exceptions to that rule to address his belated value element challenge to his grand larceny from the person conviction, *id.* at 22–24;

(4)      Wright's conviction order is void ab initio because the trial court never "activated" its potential jurisdiction by serving proper notice of the grand larceny from the person charge, *id.* at 24–26;

(5)      Wright was not afforded a fair trial due to "retroactive misjoinder," *id.* at 27–31;

(6)      Wright was not afforded a fair trial because the verdict form for robbery/grand larceny from the person did not instruct the jury that they could find Wright not guilty of either charge, *id.* at 31–33; and

(7)      Wright was not afforded a fair trial because the trial court abused its discretion (a) by allowing him to be convicted of a crime for which he was not charged, and (b) appellate counsel failed to assign error correctly on that issue, *id.* at 33–36.

The respondent has filed a Motion to Dismiss, and Wright has responded, making the matter ripe for disposition.

II. DISCUSSION.

A. Procedural Default.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)). The exhaustion doctrine requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Even where the petitioner has completed his direct appeals and habeas remedies in the state courts, federal review of his § 2254 claims may be procedurally barred. If a state court expressly bases its dismissal of a claim on the petitioner's default of a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the federal habeas version of that claim is also procedurally barred. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Similarly, if the petitioner has not presented a claim or part of a claim to the state courts, but would clearly be barred by an independent and adequate state procedural rule from having that claim adjudicated now if he returned to state court, the claim is procedurally barred from federal habeas review. *Bassette v.*

*Thompson*, 915 F.2d 932, 936 (4th Cir. 1990) (citing *Teague v. Lane*, 489 U.S. 288 (1989)).

A federal habeas court may review the merits of a procedurally defaulted claim only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[4] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012). To establish "cause," the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. A factor is external . . . if it cannot fairly be attributed to the prisoner." *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017).

The respondent argues that Wright properly exhausted Claim (1)(a) by presenting it to the Supreme Court of Virginia in habeas proceedings, but that Claim 1(b) is unexhausted because Wright did not present this portion of the claim in his state petition. After reviewing Wright's state habeas petition, I agree that he

---

[4] The miscarriage of justice exception to default requires a colorable showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (holding that actual innocence to circumvent procedural default requires showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt"). Wright does not present any new evidence or make the required showing under *Schlup*.

did not argue to the Supreme Court of Virginia that counsel should have requested an instruction for accessory to petit larceny. Wright would now be precluded from presenting this claim in state court. Va. Code §§ 8.01-654(A)(2), (B)(2). The Virginia Code sections, fixing the statute of limitations for bringing a state habeas claim, and requiring a habeas petition to bring all allegations known to him at the time of his first petition in that petition, are both adequate and independent state procedural rules. *Bassette*, 915 F.2d at 937 (regarding § 8.01-654(B)(2)); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006) (regarding § 8.01-654(A)(2)). Accordingly, I conclude that Claim (1)(b) is procedurally barred from review absent a showing of cause and prejudice. *Bassette*, 915 F.2d. at 936.

Wright does not present any reason that he failed to raise Claim (1)(b) in the state habeas proceeding. Thus, he fails to show cause to excuse his default. Therefore, I will grant the Motion to Dismiss as to Claim (1)(b) as defaulted.

In the state habeas proceeding, the Supreme Court of Virginia found that Claim (5) alleging retroactive misjoinder, and Claim (7)(a) alleging trial court abuse of discretion, were procedurally barred by the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974) (holding claims not raised at trial and on direct appeal are barred from consideration in habeas corpus). *Slayton* is an independent and adequate state ground. *Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000).

The respondent argues that Claims (5) and (7)(a) are thus procedurally barred from federal review.

Wright argues that Claim (5) was not properly defaulted under *Slayton*. "'Retroactive misjoinder' [as Wright alleges in Claim (5)] arises where joinder of multiple counts was proper initially, but later developments — such as a district court's dismissal of some counts for lack of evidence or an appellate court's reversal of less than all convictions — render the initial joinder improper." *United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994). Wright contends that because his retroactive misjoinder claim arose only *after* the Court of Appeals of Virginia vacated three of his six convictions, he could not have raised the claim on direct appeal as *Slayton* requires.

I find no merit to Wright's default argument. The cases on which he bases this claim were decided on direct appeal, and they were federal court decisions. The Supreme Court of Virginia held, "Under Virginia law, whether a defendant may be tried for multiple offenses in a single trial is a matter committed to the sound discretion of the trial court, which is reviewable on direct appeal." Br. Supp. Mot. Dismiss Ex. 2, at 9, ECF No. 13-2. "Consequently, [the retroactive misjoinder] issue may not be raised for the first time" in habeas proceedings. *Id.* (citing *Slayton*). I must presume that a state court's factual findings, including findings of procedural default under its own rules, are correct unless the petitioner

rebuts those facts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Wright has failed to do so here, and he presents no cause for defaulting this claim. Accordingly, I will grant the Motion to Dismiss as to Claim (5).

As to Claim (7)(a), Wright concedes that the claim was not raised at trial or on direct appeal, for which he faults counsel in Claim (7)(b). Because Claim (7)(a) is procedurally defaulted under *Slayton*, I cannot review it on the merits unless Wright shows cause and prejudice. *Breard*, 134 F.3d at 619. "[A]ttorney error is an objective external factor providing cause for excusing a procedural default only if that error amounted to a deprivation of the constitutional right to counsel." *Davila*, 137 S. Ct. at 2065. For reasons I will discuss in addressing Claim 7(b), I conclude that Wright's appellate counsel was not ineffective for failing to assign as error the trial court's decision to allow Wright's conviction for a crime not charged in the indictment. Therefore, I also conclude that Wright fails to show cause for default of Claim (7)(a), and I will grant the Motion to Dismiss as to that claim.

### B. The Federal Habeas Review Standard.

Under 28 U.S.C. § 2254(d), the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 403–13 (2000). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

The Supreme Court of Virginia adjudicated Wright's Claims (1)(a), (2), (3), (4), (6), and (7)(b) in the habeas corpus proceeding. The respondent argues that these claims must be dismissed under the deferential standard required by § 2254(d).

## C. Ineffective Assistance of Counsel.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, the petitioner must meet a two-prong standard, showing that counsel's unreasonably deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances and facts known to counsel at the time

of the representation. *Id.* at 687–88. This showing requires evidence that counsel's errors were so serious that he was not fulfilling his role in the adversarial process envisioned by the Sixth Amendment's fair trial guarantee. *Id.* The petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. If the petitioner fails to satisfy either prong, his claim fails without need for further inquiry. *Id.* at 697.

Under the second facet of the *Strickland* test, to show prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If the petitioner has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

Claim 1(a): No Objection to the Grand Larceny Instruction.

"It is firmly established [] that an accused cannot be convicted of a crime that has not been charged, unless the crime is a lesser-included offense of the crime charged," *Commonwealth v. Dalton*, 524 S.E.2d 860, 862 (Va. 2000), and in Virginia, "grand larceny from the person is not a lesser-included offense of robbery." *Ali v. Commonwealth*, 701 S.E.2d 64, 67 (Va. 2010). The elements of the grand larceny offense include proof of the value of the stolen item, an element not required to prove a robbery offense. *Id*. In Claim (1)(a), Wright complains that because counsel was ineffective in failing to object to Instruction 10, he was convicted of an offense of which the Indictment did not provide him notice.

In the state habeas decision, the Supreme Court of Virginia offered the following analysis of this claim:

> The circuit court found as a factual matter [after the evidentiary hearing] that although Wright's trial counsel was unaware at trial that the grand larceny offense was not a lesser-included offense of robbery, he did not object to Jury Instruction 10 in part as a matter of trial strategy. It found that he "wanted the jury to have the option of perspective and a lighter sentence. There was a strategy coupled with a lack of knowledge."

> The sentencing range upon conviction of robbery is imprisonment for a term of between five years and life. Code § 18.2-58. The range upon conviction of the grand larceny offense is confinement in jail for not more than twelve months, or imprisonment for a term of between one and twenty years. Code § 18.2-95. The transcript of the evidentiary hearing reveals that trial counsel admitted that he did not know at the time of trial that the grand larceny offense

was not a lesser-included offense of robbery.  However, he also testified that

> at that point in the trial . . . we'd done two motions to strike [the robbery charge] and I was surprised the first one wasn't granted.  I was more surprised the second one wasn't granted.  And I knew that we were having a robbery with a five to life sentence range going to a jury, and a zero to twenty looks a whole lot better than five to life.  That's really what was on my mind.

He later reiterated that "the main thing I was trying to do was get a jury to have a possibility of a sentence range that started at zero and didn't go up to life."  The record therefore supports the circuit court's factual finding.

These factual findings do not conclude the Court's analysis of the legal question of whether trial counsel's ignorance of the law supersedes his tactical decision, however.  An attorney's legal error may, but does not necessarily, render his or her performance constitutionally deficient.  "[A habeas] petitioner must establish that *no competent counsel* would have taken the action that his counsel did take."  *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir. 2003) (emphasis added) (internal quotation marks omitted); *accord Rivera v. Thompson*, 879 F.3d 7, 12 (1st Cir. 2018) ("[T]he performance of trial counsel is deficient only where, given the facts known at the time, counsel's choice was so patently unreasonable that *no competent attorney* would have made it." (emphasis added) (internal quotation marks omitted)); *see also Strickland*, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were *outside the wide range of professionally competent assistance*." (emphasis added)).

Thus, a court considering the question must consider the totality of the circumstances, to determine whether the attorney's representation was objectively unreasonable.  *Bullock v. Carver*, 297 F.3d 1036, 1051 (10th Cir. 2002).  In considering the totality of the

circumstances in this case the Court concludes that trial counsel's representation was not objectively unreasonable. At the evidentiary hearing, he testified that he was taken aback by the trial court's denial of his motions to strike the robbery charge and was anxious that Wright would be convicted and exposed to the possibility of a life sentence. He explained that he agreed to Jury Instruction 10 because a conviction on the grand larceny offense would allow the jury to impose a sentence that limited incarceration to a term of no more than twenty years, and included the possibility of no incarceration at all. Wright therefore has not met his burden to prove the deficient performance prong of the *Strickland* test on this claim.

Br. Supp. Mot. Dismiss Ex. 2, at 5–6, ECF No. 13-2.

Wright argues that the Supreme Court of Virginia's application of *Strickland* was unreasonable, but I do not agree. Wright argues that by itself, counsel's mistaken belief that grand larceny from the person was a lesser-included offense of robbery rendered counsel's stated trial strategy unreasonable. A defendant has no constitutional right to error-free representation, however. *See, e.g., Williams v. Lemmon*, 557 F.3d 534, 538 (7th Cir. 2009) ("It is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one, but whether the defendant had the 'counsel' of which the sixth amendment speaks.").

The Supreme Court of Virginia properly considered the totality of the circumstances that Wright's attorney faced in deciding on strategy to achieve the most favorable result possible for Wright. *Strickland*, 466 U.S. at 690. These circumstances looked bleak for Wright. Robbery is "the taking, with intent to

steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation." *Commonwealth v. Hudgins*, 611 S.E.2d 362, 365 (Va. 2005). One of Wright's companions threatened violence against the store security officer, Atkins, before Wright's brother took the beer from Atkins. On that evidence, trial counsel reasonably feared that, given a choice between a robbery conviction or acquittal, jurors would find Wright guilty of robbery, which carries a penalty range of five years to life in prison. When the prosecutor offered to add the option of grand larceny from the person, counsel made a tactical choice to accept it as a means of allowing the jury to choose an option less onerous than robbery — a lesser, nonviolent crime with a penalty range from a fine to a maximum of twenty years in prison. *Compare* Va. Code Ann. § 18.2-95 *with* § 18.2-58.

"Even where an attorney's ignorance of relevant law and facts precludes a court from characterizing certain actions as strategic (and therefore presumptively reasonable) . . . the pertinent question under the first prong of Strickland remains whether, after considering all the circumstances of the case, the attorney's representation was objectively unreasonable." *Bullock v. Carver*, 297 F.3d 1036, 1050–51 (10th Cir. 2002). Citing *Bullock* and *Strickland*, the Supreme Court of Virginia found that while Wright's counsel's method was unorthodox and involved outright legal errors, it was not an objectively unreasonable means for counsel to

fulfill his role in the adversary process at play in the case.[5]  For the reasons stated,

I conclude, pursuant to § 2254(d), that the state court's adjudication of Wright's

Claim (1)(a) was not contrary to, or an unreasonable application of, federal law and

was not based on an unreasonable determination of the facts in light of the

evidence presented.  I will grant the Motion to Dismiss as to this claim.

Claim (2):  Improperly Raising the Value Element Claim.

Appellate counsel did not include assign as error the prosecution's failure to

prove the value element of grand larceny from the person.  Accordingly, when

counsel later argued this insufficiency of the evidence claim, the appellate courts

---

[5]  Wright's argument on Claim (1)(a) centers on *Spivey v. United States*, Nos.
1:01cr484, 1:06cv894, 2007 WL 2327591 at *4 (E.D. Va. Aug. 10, 2007), which held:

> [I]t is pellucidly clear . . . that the offense for which petitioner was
> convicted and sentenced is not, in fact, a lesser *included* offense of the
> offense charged against petitioner in the superseding indictment.  It is
> equally clear that lesser offense instructions are only permissible in cases
> where, unlike here, the indictment charges each and every element of the
> lesser offense.  In the circumstances, therefore, petitioner's counsel's initial
> request and ultimate acquiescence in the submission of a non-included
> lesser offense to the jury "fell below an objective standard of
> reasonableness."  *Strickland*, 466 U.S. at 688.  Moreover, petitioner was
> obviously prejudiced by counsel's performance in this regard, as the error
> resulted in a criminal conviction and lengthy sentence for an offense that
> should not have been submitted to the jury in the first place.

The petitioner in S*pivey* had filed a motion to vacate, set aside or correct his federal
criminal sentence under 28 U.S.C. § 2255.  In contrast, Wright's habeas challenges to his
state convictions arise under 28 U.S.C. § 2254 and are subject to much more deferential
habeas review under § 2254(d) than the review applicable in *Spivey*.  Applying the
§ 2254(d) review standard, I cannot find that the *Spivey* court's decision demonstrates
that the Supreme Court of Virginia's ruling on the facts of Wright's case was contrary to
established precedent of the United States Supreme Court in *Strickland*.

dismissed it under Rule 5A:12(c), limiting appellate review to assigned errors. Wright argues in Claim (2) that appellate counsel's failure to properly include the value element claim in the petition was constitutionally ineffective representation.

In the state habeas proceeding, the Supreme Court of Virginia found these additional facts related to this claim:

> [T]rial counsel did not object to the sufficiency of the evidence on the grand larceny offense until the motion to set aside the verdict. He asserted then that the evidence was insufficient only because it established neither that Wright personally took anything from anyone nor that he was a principal in the second degree to the taking by his co-defendant. There was no objection on the ground that the evidence did not establish the value of the property taken.

Br. Supp. Mot. Dismiss Ex. 2, at 7, ECF No. 13-2. The Court held that because *trial* counsel failed to raise the value element, "under Rule 5A:18, the Court of Appeals could not have considered an assignment of error on that ground, except under the good cause or ends of justice exceptions." *Id.* The Court continued: "Wright does not identify any good cause for trial counsel's failure to object and the Court of Appeals has repeatedly noted that application of the ends of justice exception is rare, and may be invoked only where a miscarriage of justice would otherwise result." *Id.* (quoting *McDuffie v. Commonwealth*, 638 S.E.2d 139, 140 (Va. 2006)). On these findings, the Supreme Court of Virginia concluded Wright had not established that appellate counsel's omission of the value element claim was unreasonable representation. *Id.*

Counsel does not render ineffective assistance on appeal by failing to present every non-frivolous issue in the petition. *Jones v. Barnes*, 463 U.S. 745, 754 (1983). "[T]he process of winnowing out weaker claims on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Burger v. Kemp*, 483 U.S. 776, 784 (1987). In applying *Strickland* to claims of ineffective assistance of counsel on appeal, a reviewing court must accord appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Wright's counsel cannot be found ineffective for failing to distract the appellate court from stronger claims by including in the appeal petition a procedurally barred one.

Moreover, Wright simply has not demonstrated that counsel had any factual basis on which to seek a miscarriage of justice exception. *McDuffie* is instructive. The defendant in that case was convicted of the unauthorized use of a vehicle not his own, an offense that requires proof that the vehicle was valued at $1000 or more. 638 S.E.2d at 143. Like Wright, the defendant argued that the Commonwealth had not proven the value element, admitted he had not raised the issue at trial, and argued for the court to address it under the "ends of justice" exception to Rule 5A:18. *Id.* at 142. The Supreme Court of Virginia held that "[b]ecause the record contain[ed] no affirmative evidence to show that the value of

the Camry was less than $1,000, it d[id] not affirmatively show a miscarriage of justice, and the ends of justice exception d[id] not apply." *Id.* at 143. Similarly, I find no affirmative evidence in the record of Wright's case showing that the value of the case of Dos Equis beer taken from Atkins was less than $5.00 in value. I thus find no factual support for counsel to have argued for a miscarriage of justice exception as Wright has contended. For the stated reasons, I conclude that the state court's adjudication of Wright's Claim (2) was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of the facts in light of the evidence presented. I will grant the Motion to Dismiss as to this claim.

Claims (3) and (7)(b): Insufficient Challenge to Procedural Rulings.

Wright argues in these claims that counsel failed to argue to the Supreme Court of Virginia that the court of appeals erred in applying Rule 5A:18 or in refusing to apply the ends of justice exception to address the merits of his challenge to his grand larceny from the person conviction. In the habeas proceeding, the Supreme Court of Virginia rejected this *Strickland* claim, stating:

> Wright's appellate counsel assigned error in the Court of Appeals to his conviction for the grand larceny offense, asserting that he had not been charged with it and it was not a lesser-included offense of robbery. That court refused to consider the assignment of error under Rule 5A:18 because trial counsel had made no objection below. Appellate counsel renewed the argument in an appeal to this Court, which declined to consider it because they did not assign error to the Court of Appeals' application of the Rule.

The trial record confirms the Court of Appeals' ruling that Wright's trial counsel did not object that Wright had not been charged with the grand larceny offense or that it was not a lesser-included offense of robbery. Consequently, the only ground for reviewing the Court of Appeals' application of Rule 5A:18, had appellate counsel assigned error to it, is that court's refusal to apply the exceptions. However, the record establishes that Wright did not ask the Court of Appeals to apply them. . . .

Consequently, even if appellate counsel had assigned error in this Court, it would have affirmed the Court of Appeals' application of Rule 5A:18. Thus, Wright has not met his burden to prove that appellate counsel's failure to assign such error resulted in prejudice because the outcome would have remained the same.

Br. Supp. Mot. Dismiss Ex. 2, at 8, ECF No. 13-2.

Wright has not demonstrated that the Supreme Court of Virginia's interpretation of the state court rules was erroneous, or that but for appellate counsel's omission, the result of the appeal would have been different. Thus, he fails to demonstrate prejudice under *Strickland*. Therefore, I conclude that the state court's adjudications of Wright's Claims (3) and (7)(b) were not contrary to, or an unreasonable application of, federal law and were not based on an unreasonable determination of the facts in light of the evidence presented. I will grant the Motion to Dismiss as to these claims.

Claim (6): Verdict Form Claim.

Wright asserts in Claim (6) that trial counsel provided ineffective assistance when he failed to object to the robbery/grand larceny jury verdict form because it

did not give the jury the option to find Wright not guilty of either charge. The Supreme Court of Virginia, relying on the circuit court's factual findings, concluded that Wright had failed to prove deficient performance:

> Wright's claim is predicated on his assertion that the verdict form was incomplete, and he bore the burden of proving it by a preponderance of the evidence. However, the circuit court found as a factual matter that "it is more likely than not that the verdict form was complete at the time of the jury's deliberations, and that the second page was somehow later lost or destroyed." Consequently, the record does not establish that there was any defect for his trial counsel to notice and object to. Wright therefore has not met his burden to prove the deficient performance prong on this claim.

*Id*. at 6.

Wright contends that the circuit court's findings cited above constituted an unreasonable determination of facts from the evidence presented at the evidentiary hearing. As evidence contrary to the circuit court's conclusions, Wright cites to defense counsel's 2018 testimony that he did not remember a "not guilty" option on the verdict form. Wright also cites to portions of the trial transcript as evidence in support of his claim: the trial judge's complaint, "I don't think I've ever seen any more paper in my life"; counsel discussing one verdict form that omitted a "not guilty" option; and the judge's direction to counsel to go through the papers and "see if they've got everything in them." Id. at Ex. 3 at 192–93, 216.

I have reviewed the transcript of the evidentiary hearing in 2018 and the circuit court's written factual findings therefrom. The circuit court mentioned and

assessed the evidence Wright presents, but interpreted it as support for its finding that the trial judge and counsel took great care to review all of the verdict forms to ensure their completeness. Specifically, the circuit court found from its review of the prosecutor's retained copy of the verdict forms he had prepared, his testimony and trial counsel's testimony, and the trial transcript that the verdict form was correctly prepared, was thoroughly reviewed by the judge and counsel, and when provided to the jury, included a second page with language allowing the jury to find Wright not guilty of either charge. On this evidence the circuit court and the Supreme Court of Virginia found that counsel had no factual basis for an objection to the robbery/grand larceny jury verdict form. I conclude that the state court's adjudication of Wright's Claim (6) was not contrary to, or an unreasonable application of, *Strickland* and was not based on an unreasonable determination of the facts in light of the evidence presented. I will grant the Motion to Dismiss as to Claim (6).

### D. Jurisdiction.

In Claim (4), Wright claims that the circuit court did not have subject-matter jurisdiction to enter a judgment for grand larceny from the person because it never served notice for that offense in violation of Wright's right to Due Process. In addressing this claim in the habeas proceeding, the Supreme Court of Virginia held that Virginia Code Ann. § 17.1-513 confers subject-matter jurisdiction on all

Virginia circuit courts to try all felonies, wherever committed in the Commonwealth. Because the jurisdiction of the courts of the Commonwealth of Virginia is a state law matter, Claim (4) is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (holding "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). I conclude that the state court's adjudication of Wright's Claim (4) was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of the facts in light of the evidence presented. I will grant the Motion to Dismiss as this claim.

## III. CONCLUSION.

In accordance with the foregoing, I conclude that Wright's claims for relief state no ground on which he is entitled to relief under § 2254. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

DATED: September 19, 2019

/s/ James P. Jones
United States District Judge